# EXHIBIT G

- The allocation of forum fees and any other fees allocable by the panel;
- The names of the arbitrators;
- The dates the claim was filed and the award rendered;
- The number and dates of hearing sessions;
- The location of the hearings; and
- The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

(g) All awards shall be made publicly available.

(h) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(i) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

---

Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07

---

- ## 13000. NASD Code of Arbitration Procedure for Industry Disputes

## Part I Interpretive Material, Definitions, Organization, and Authority

## IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the Code as required by the Code;

(b) fail to comply with any injunctive order issued pursuant to the Code;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the Code;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the procedures specified by NASD, the New York, American, Boston, Cincinnati, Chicago, or Philadelphia Stock Exchanges, the Pacific Exchange, Inc., the Chicago Board Options Exchange, the Municipal Securities Rulemaking Board, or pursuant to the rules applicable to the arbitration of disputes before the American Arbitration Association or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by NASD

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the

award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member to require associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure.

---

Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

Selected Notice: 07-07

---

## 13100. Definitions

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

Unless otherwise defined in the Code, terms used in the Code and interpretive material, if defined in the NASD By-Laws, shall have the meaning as defined in the NASD By-Laws.

### (a) Associated Person

The term "associated person" or "associated person of a member" means a person associated with a member, as that term is defined in paragraph (r).

### (b) Award

An award is a document stating the disposition of a case.

### (c) Board

The term "Board" means the Board of Directors of NASD Dispute Resolution, Inc.

### (d) Claim

The term "claim" means an allegation or request for relief.

### (e) Claimant

The term "claimant" means a party that files the statement of claim that initiates an arbitration under Rule 13302.

### (f) Code

The term "Code" means the Code of Arbitration Procedure for Industry Disputes. For disputes involving customers, see the NASD Code of Arbitration Procedure for Customer Disputes.

### (g) Counterclaim

The term "counterclaim" means a claim asserted against a claimant by a respondent.

### (h) Cross Claim

The term "cross claim" means a claim asserted by a respondent against another already-named respondent.

### (i) Customer

A customer shall not include a broker or dealer.

### (j) Day

Except as otherwise provided, the term "day" means calendar day. If a deadline specified in the Code falls on a Saturday, Sunday or any NASD holiday, the deadline is extended until the next business day.

### (k) Director

The term "Director" means the Director of NASD Dispute Resolution. Unless the Code provides that the Director may not delegate a specific function, the term includes NASD staff to whom the Director has delegated authority.

**(l) Dispute**

The term "dispute" means a dispute, claim or controversy. A dispute may consist of one or more claims.

**(m) Hearing**

The term "hearing" means the hearing on the merits of an arbitration under Rule 13600.

**(n) Hearing Session**

The term "hearing session" means any meeting between the parties and arbitrator(s) of four hours or less, including a hearing or a prehearing conference.

**(o) Member**

For purposes of the Code, the term "member" means any broker or dealer admitted to membership in NASD, whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with NASD consent, has required its members to arbitrate pursuant to the Code and/or to be treated as members of NASD for purposes of the Code, whether or not the membership has been terminated or cancelled.

**(p) Non-Public Arbitrator**

The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is or, within the past five years, was:

(A) associated with, including registered through, a broker or a dealer (including a government securities broker or dealer or a municipal securities dealer);

(B) registered under the Commodity Exchange Act;

(C) a member of a commodities exchange or a registered futures association; or

(D) associated with a person or firm registered under the Commodity Exchange Act;

(2) is retired from, or spent a substantial part of a career engaging in, any of the business activities listed in paragraph (p)(1);

(3) is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional work, in the last two years, to clients who are engaged in any of the business activities listed in paragraph (p)(1); or

(4) is an employee of a bank or other financial institution and effects transactions in securities, including government or municipal securities, and commodities futures or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

For purposes of this rule, the term "professional work" shall not include mediation services performed by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(q) Panel**

The term "panel" means the arbitration panel, whether it consists of one or more arbitrators.

**(r) Person Associated with a Member**

The term "person associated with a member" means:

(1) A natural person registered under the Rules of NASD; or

(2) A sole proprietor, partner, officer, director, or branch manager of a member, or a natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with NASD under the By-Laws or the Rules of NASD.

For purposes of the Code, a person formerly associated with a member is a person associated with a member.

**(s) Pleadings**

A pleading is a statement describing a party's causes of action or defenses. Documents that are considered pleadings are: a statement of claim, an answer, a counterclaim, a cross claim, a third party claim, and any replies.

**(t) Prehearing Conference**

The term "prehearing conference" means any hearing session, including an Initial Prehearing Conference, that takes place before the hearing on the merits begins.

**(u) Public Arbitrator**

The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is not engaged in the conduct or activities described in paragraphs (p)(1)–(4);

(2) was not engaged in the conduct or activities described in paragraphs (p)(1)–(4) for a total of 20 years or more;

(3) is not an investment adviser;

(4) is not an attorney, accountant, or other professional whose firm derived 10 percent or more of its annual revenue in the past two years from any persons or entities listed in paragraphs (p)(1)–(4);

(5) is not employed by, and is not the spouse or an immediate family member of a person who is employed by, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business;

(6) is not a director or officer of, and is not the spouse or an immediate family member of a person who is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business; and

(7) Is not the spouse or a family member of a person who is engaged in the conduct or activities described in paragraphs (p)(1)-(4). For purposes of this rule, the term immediate family member means:

(A) a person's parent, stepparent, child, or stepchild;

(B) a member of a person's household;

(C) an individual to whom a person provides financial support of more than 50 percent of his or her annual income; or

(D) a person who is claimed as a dependent for federal income tax purposes.

For purposes of this rule, the term "revenue" shall not include mediation fees received by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(v) Related Claim**

For purposes of Rule 13803, the term "related claim" means any claim that arises out of the employment or termination of employment of an associated person.

**(w) Respondent**

The term "respondent" means a party against whom a statement of claim or third party claim has been filed. A claimant against whom a counterclaim has been filed is not a respondent for purposes of the Code.

**(x) Statement of Claim**

The term "statement of claim" means the initial or amended claim filed by the party or parties initiating the arbitration.

**(y) Statutory Employment Discrimination Claim**

The term "statutory employment discrimination claim" means a claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute.

**(z) Temporary Injunctive Order**

The term "temporary injunctive order" means a temporary restraining order, preliminary injunction or other form of initial, temporary injunctive relief.

**(aa) Third Party Claim**

The term "third party claim" means a claim asserted against a party not already named in the statement of claim or any other previous pleading.

**(bb) Uniform Submission Agreement**

The term "Uniform Submission Agreement" means the NASD Uniform Submission Agreement. The NASD Uniform Submission Agreement is a document that parties must sign at the outset of an arbitration in which they agree to submit to arbitration under the Code.

---
Amended by SR-NASD-2007-038 eff. June 14, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07
---

## 13101. Applicability of Code and Incorporation by Reference

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

**(a) Applicability of Code**

The Code applies to any dispute that is submitted to arbitration under the Code pursuant to Rules 13200, 13201, or 13202.

**(b) Incorporation by Reference**

When a dispute is submitted to arbitration under the Code pursuant to an arbitration agreement, the Code is incorporated by reference into the agreement.

---
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07
---

## 13102. National Arbitration and Mediation Committee

(a) Pursuant to Section III of the Plan of Allocation and Delegation of Functions by NASD to Subsidiaries ("Delegation Plan"), the Board shall appoint a National Arbitration and Mediation Committee ("NAMC").

(1) The NAMC shall consist of no fewer than 10 and no more than 25 members. At least 50 percent of the NAMC shall be Non-Industry members.

(2) The Chairperson of the Board shall name the chairperson of the NAMC.

(b) Pursuant to the Delegation Plan, the NAMC shall have the authority to recommend rules, regulations, procedures and amendments relating to arbitration, mediation, and other dispute resolution matters to the Board. All matters recommended by the NAMC to the Board must have been approved by a quorum, which shall consist of a majority of the NAMC, including at least 50 percent of the Non-Industry committee members. If at least 50 percent of the Non-Industry committee members are either (i) present at or (ii) have filed a waiver of attendance for a meeting after receiving an agenda prior to such meeting, the requirement that at least 50 percent of the Non-Industry committee members be present to constitute the quorum shall be waived. The NAMC has such other power and authority as is necessary to carry out the purposes of the Code.

(c) The NAMC may meet as frequently as necessary, but must meet at least once a year.

Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07

## 13103. Director of Dispute Resolution

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

(a) The Board shall appoint a Director of Dispute Resolution. The Director shall perform all the administrative duties relating to arbitrations submitted under the Code. The Director may delegate his or her duties when it is appropriate, unless the Code provides otherwise.

(b) The Director shall consult with the NAMC at the NAMC's request.

(c) The President of NASD Dispute Resolution may perform the Director's duties. If the Director is unable to perform his or her duties, the President of NASD Dispute Resolution may appoint an interim Director.

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07

## 13104. Effect of Arbitration on NASD Regulatory Activities

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

(a) Submitting a dispute to arbitration under the Code does not limit or preclude any right, action or determination by NASD that it would otherwise be authorized to adopt, administer or enforce.

(b) Only at the conclusion of an arbitration, any arbitrator may refer to NASD for disciplinary investigation any matter that has come to the arbitrator's attention during and in connection with the arbitration, either from the record of the proceeding or from material or communications related to the arbitration, which the arbitrator has reason to believe may constitute a violation of NASD's rules, the federal securities laws, or other applicable rules or laws.

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07

## 13105. Agreement of the Parties

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

(a) Except as provided in paragraph (b), if the Code provides that the parties may agree to modify a provision of the Code, or a decision of the Director or the panel, the written agreement of all named parties is required.

(b) If the Director or the panel determines that a named party is inactive in the arbitration, or has failed to respond after adequate notice has been given, the Director or the panel may determine that the written agreement of that party is not required while the party is inactive or not responsive. For purposes of this rule, an inactive party could be, but is not limited to: (1) a party that does not answer; (2) a party that answers and then fails to respond to correspondence sent by the Director; (3) a party that answers and then fails to respond to correspondence sent by the panel in cases involving direct communication under Rule 13211; or (4) a party that does not attend pre-hearing conferences.

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07

## Part II General Arbitration Rules

## 13200. Required Arbitration

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

### (a) Generally

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

Members;

Members and Associated Persons; or

Associated Persons.

### (b) Insurance Activities

Disputes arising out of the insurance business activities of a member that is also an insurance company are not required to be arbitrated under the Code.

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07

## 13201. Statutory Employment Discrimination Claims

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

A claim alleging employment discrimination, including sexual harassment, in violation of a statute, is not required to be arbitrated under the Code. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose. If the parties agree to arbitrate such a claim, the claim will be administered under Rule 13802.

Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07

## 13202. Claims Involving Registered Clearing Agencies

**The Industry Code will apply to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Industry Code will apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code. Contact your case administrator for details.**

If a registered clearing agency has entered into an agreement to use NASD's arbitration facilities and procedures, any dispute, claim or controversy involving that registered clearing agency, or participants, pledges or other persons using the facilities of the registered clearing agency will be arbitrated in accordance with such agreement and the rules of the registered clearing agency.