# EXHIBIT C

PROMISSORY NOTE

$500,000
January 15, 2003

a. Statement of Loan.

FOR VALUE RECEIVED, the Undersigned promises to pay to the order of AXA Network, LLC, or the holder hereof ("the Payee") at 1290 Avenue of the Americas, New York, NY 10104, or at such other place as the Payee may designate in writing to the Undersigned, the principal sum of Five Hundred Thousand Dollars ($500,000.00) with interest in immediately available funds in lawful money of the United States of America as hereinafter provided.

b. Maturity; Payment.

This Note and accrued interest shall be repaid in full upon the maturity hereof, on January ____, 2008, (the "Payment Date") unless required to be repaid at an earlier date in accordance with the provisions following. Repayment shall include all then unpaid principal and any accrued but unpaid interest on this Note. This note is not a contract of employment. Nothing herein, including any reference to a payment date, guarantees that the Undersigned will continue to be affiliated with AXA Network, LLC and/or AXA Advisors, LLC on a particular date.

c. Reduction of Principal and Interest.

Notwithstanding the payment provisions described above, the principal and accrued interest shall be reduced upon the Undersigned's attainment of certain sales targets, as follows: During the course of the undersigned's association with AXA Advisors, LLC and AXA Network, LLC, for every Two Million Dollars ($2,000,000) in Gross Dealer Concessions ("GDC"), as defined in Schedule 1 to Promissory Note, created, generated or brought in by the undersigned to AXA Advisors, LLC by or through the sale of any and all investment products offered by AXA Advisors, LLC, as defined in Schedule 1 to Promissory Note, One Hundred Thousand Dollars ($100,000) of the principal balance owed hereunder and all interest accrued at such time shall be forgiven.

d. Application of Payments.

Payments made hereunder shall first be applied against payments of interest and then toward the reduction of principal.

e. Interest.

Interest shall accrue on this Note at the applicable federal short-term rate in effect under Internal Revenue Code Section 1274(d). Interest shall be due and payable on the Payment Date or upon termination of the Undersigned's agreements with AXA Network, LLC and AXA Advisors, LLC, whichever is earlier.

f. Prepayment.

The Undersigned shall, at any time, have the right to prepay, without penalty or premium, all or any portion of the loan evidenced by this Note.

g. Events of Default.

Each of the following shall constitute an Event of Default hereunder:
(1) Nonpayment when due of any principal or interest amount payable hereunder, which nonpayment shall continue unremedied for five (5) banking days;

(2) Breach of any covenant by the Undersigned hereunder or under Undersigned's agreements with AXA Network, LLC or AXA Advisors, LLC, which breach shall continue unremedied for thirty (30) days after written notice;

(3) Termination by either party of the Undersigned's agreements with AXA Network, LLC or AXA Advisors, LLC.

Upon the occurrence and during the continuation of any Event of Default hereunder, the Payee may declare this Note to be due and payable and this Note shall become immediately due and payable without notice of any kind.

h. Action To Enforce.

(1) If the Payee shall prevail in any action to enforce collection of this Note, there shall become due and payable from the Undersigned, in addition to the unpaid principal and interest, all costs and expenses of such action (including reasonable attorneys' fees).

(2) The Undersigned irrevocably consents to the sole and exclusive jurisdiction of the Courts of the State of New York and of any Federal court located in New York in connection with any action or proceeding arising out of, or related to, this Note.

(3) The Undersigned waives presentment, demand for payment, notice of dishonor, and all other notices or demands in connection with the delivery, acceptance, performance, default, or endorsement of this Note.

(4) In any such proceeding, the Undersigned agrees that personal service shall be deemed made when mailed by registered or certified mail return receipt requested to the Undersigned. Within twenty (20) days after such service, the Undersigned shall appear or answer the summons, complaint, or other process.

(5) The Undersigned waives any right to trial by jury in any action or proceeding to enforce or defend any rights under this Note.

i. No Waiver, etc.

No delay or failure on the part of the Payee on this Note to exercise any power or right given hereunder shall operate as a waiver thereof, and no right or remedy of the Payee shall be deemed abridged or modified by any course of conduct. The rights or remedies of the Payee as herein specified are cumulative and not exclusive of any rights or remedies which the Payee may otherwise have.

j. State Law.

This Note shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed in New York, but without regard to its conflicts of law principles.

k. Amendment.

This Note may only be amended in writing with the consent of both parties.

l. Assignment.

This Note may not be assigned by the Undersigned. However, the Payee may assign this Note to its subsidiaries, affiliates, successors, or assigns without prior written or oral notice to the Undersigned.

m. Exclusivity.

The provisions herein and in the attached Schedule I, which is incorporated herein by reference, are the exclusive terms of the agreement between the parties and are controlling as to the terms and conditions of this loan and its repayment.

UNDERSIGNED:

By: _____

Date: Jan 15 2003

Address for Communication: 494 Canoe Hill Rd
New Canaan CT 06840

State of CONNECTICUT )
)SS: 08370 2359
County of FAIRFIELD )

On JAN. 15, 20 03, before me personally came Steve Novick, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

_____
Notary Public

JOHN DUNSMORE
Notary Public
My Commission Expires October 31, 2005

## Schedule 1 to Promissory Note:
## The Proven Producer Transition Allowance Loan
### (Jointly issued by AXA Network, LLC and AXA Advisors, LLC)

### What is the Transition Allowance Loan?

The *Transition Allowance* is a payment to eligible Proven Producers ("Producers") intended to defray some of the costs that such Producers will incur when they leave their existing business relationships to join AXA Advisors and AXA Network. To *qualify* for a Transition Allowance, the Producer must commit to achieving specific production targets. The *amount* of the Transition Allowance was calculated based on 1) the Producer's anticipated production during his/her association with AXA Advisors and 2) the projected Gross Dealer Concession ("GDC")[1] generated on investment products offered by AXA Advisors.

### When and how will it be paid?

The Transition Allowance is paid to the Producer in one lump sum payment. This payment is contingent on the Producer signing the Associates' Agreements with AXA Advisors and AXA Network, committing to meeting certain gross dealer concession targets, and successfully clearing all background checks. Forgiveness of the Transition Allowance Loan may be triggered by the Producer achieving specific gross dealer concessions generated on investment products Milestones, as described more fully below: (See Table 1)

---

[1] GDC includes transaction-based revenue received by AXA Advisors in connection with transactions in all investment products and services, including fee-based asset management products and services, equity and fixed income products, mutual funds, and other investment products and services offered by AXA Advisors, excluding life insurance and annuity products. GDC does not include certain types of revenues received by AXA Advisors which do not result in commission payments to representatives, such as expense sharing payments received from product sponsors.

TABLE 1: Projected Gross Dealer Concession generated on Investment Product Milestones

| PROJECTED GDC: | | Milestone 1 | Milestone 2 | Milestone 3 | Milestone 4 | Milestone 5 |
|---|---|---|---|---|---|---|
| ➢ Annualized: | | | | | | |
| | Investment Products GDC | 2,000,000 | 2,000,000 | 2,000,000 | 2,000,000 | 2,000,000 |
| ➢ Cumulative: | | | | | | |
| | Investment Products GDC | 2,000,000 | 4,000,000 | 6,000,000 | 8,000,000 | 10,000,000 |


Producer Initials

Based on the above projections, the Transition Allowance payments would be made as follows:

**Initial Payment:**   $500,000 will be paid as a loan, up front upon completion of all due diligence and signing of your Associates' Agreements with AXA Advisors and AXA Network.

### How will it be earned ... and forgiven?

Portions of the Transition Allowance will be forgiven as the Producer "hits" his/her Milestones, or gross dealer concession generated on Investment product targets, as specified in Table 1. The Producer earns portions of his/her Transition Allowance as he/she achieves the Milestones, as explained more fully below. When the GDC target for a Milestone is achieved, a proportionate share of the Transition Allowance loans is forgiven, as set forth in Table 2 below.

Loan and Forgiveness amounts cited herein refer to principal amounts. As described in the attached Promissory Note(s), interest accrues on the loan amounts and will be forgiven according the terms of the Promissory Note(s).

Milestone 1 Forgiveness:
- When the Producer reaches the Milestone 1 gross dealer concession target for Investment products (as specified in Table 1), $100,000 of his/her initial loan amount will be forgiven.

Milestone 2 Forgiveness:
- When the Producer reaches the Milestone 2 gross dealer concession target for Investment products (as specified in Table 1) $100,000 of his/her initial loan amount will be forgiven.

Milestone 3 Forgiveness:
- When the Producer reaches the Milestone 3 gross dealer concession target for Investment products (as specified in Table 1) $100,000 of his/her initial loan amount will be forgiven.

Milestone 4 Forgiveness:
- When the Producer reaches the Milestone 4 gross dealer concession target for Investment products (as specified in Table 1) $100,000 of his/her initial loan amount will be forgiven.

Milestone 5 Forgiveness:
- When the Producer reaches the Milestone 5 gross dealer concession target for Investment products (as specified in Table 1), the remaining balance of his/her initial loan amount will be forgiven.

The following illustration of your transition allowance forgiveness is based on the gross dealer concession targets, as described above, to which you and your manager have committed.

Table 2: Loan Payment/Forgiveness – Investment Products

|  | at Contract | Milestone 1 | Milestone 2 | Milestone 3 | Milestone 4 | Milestone 5 |
|---|---|---|---|---|---|---|
| Prior Loan Balance (excluding interest) | -- | 500,000 | 400,000 | 300,000 | 200,000 | 100,000 |
| Payment / New Loan | 500,000 | -- | -- | -- | -- | -- |
| Newly Earned / "Forgiven" (excluding interest) | -- | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Outstanding Loan Balance | 500,000 | 400,000 | 300,000 | 200,000 | 100,000 | «Mile3Bal Wrap» |

A review of all gross dealer concession achieved and Transition Allowance payments made will be conducted at the end of 60 months, if the Producer is still associated with AXA Advisors and AXA Network, or at the termination of the Producer's Associates' Agreements, whichever is sooner. If the actual gross dealer concession achieved is less than the targets identified in Table 1, then the Producer will either be granted additional time (a loan term extension) to produce to the target or will be required to repay any paid Transition Allowance that has not been earned pursuant to the terms of the attached Promissory Note. The determination of whether or not to grant a Producer additional time or instead to require immediate loan repayment and/or the amount of additional time granted, if any, is at the sole discretion of AXA Advisors and AXA Network. A Proven Producer must achieve the Gross Dealer Concession generated on Investment product Milestones to earn loan forgiveness. A Milestone will not be deemed achieved until the cumulative target has been achieved, as specified in Table 1. There will be no proration of loan forgiveness between Milestones. If a Proven Producer fails to achieve any Gross Dealer Concession Milestone, any unearned but paid Transition Allowance amounts must be repaid, pursuant to the terms of the attached Promissory Note.

## Independent Contractor

Achievement of the Milestone targets and/or forgiveness of the Transition Allowance Loans will not alter the rights and/or contractual requirements as outlined in the Associates' Agreements with AXA Network and/or AXA Advisors. Achievement of the Milestone targets as outlined above is not a contract nor does it guarantee association with AXA Advisors and/or AXA Network at any time.

## Receipt Acknowledged

The Producer hereby acknowledges receipt of this Schedule and understands that this Schedule is incorporated into the attached Promissory Note, and together, the provisions of both are the exclusive agreement between the parties with respect to the terms and conditions of the Transition Allowance Loans and their repayment, and are controlling with respect to such terms and conditions.

Producer: _Steven S. Nosick_
(Please Print Full Name)

Signature: _[signed]_    Date: _Jan 15th 2005_

Schedules may be modified at any time at the sole discretion of AXA Network and AXA Advisors.