UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN S. NOVICK,

                        Plaintiff,

        - against -

AXA NETWORK, LLC,
and AXA ADVISORS, LLC,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case

Case No.:
07 CIV 7767 (AKH)(KNF)

## STIPULATION AND PROTECTIVE ORDER
## CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

      WHEREAS, the parties wish to protect the personal privacy of the parties and other individuals involved herein, as well as any trade secrets, proprietary or otherwise confidential information disclosed in the course of discovery; and

      WHEREAS, discovery in this matter involves documents and information that may appropriately be the subject of a protective order;

      1.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between each of the parties as follows:

      2.     Any party to this litigation shall have the right to designate as "Confidential" any documents, pleadings, motions, deposition testimony or other materials, whether produced by it or by another party or non-party to this litigation, that it believes in good

faith contains information which is Confidential to the designating party ("Confidential Information").

3. "Confidential Materials" as used herein shall mean any documents, pleadings, motions, depositions or other materials that contain Confidential Information.

4. Confidential Information shall be designated as "Confidential" in the following manner:

(a) in the case of documents, exhibits, briefs, memoranda or other materials (other than depositions or other pretrial testimony): by marking them "Confidential" on the first page and each successive page of any document, exhibit, brief, memoranda or other material containing any Confidential Information;

(b) in the case of interrogatory responses or other inquiries: by noting in the response to the interrogatory or inquiry that the response contains Confidential Information; and

(c) in the case of depositions or other pretrial testimony: (i) by making such designation on the record at the deposition or other pretrial testimony; or (ii) by written notice, sent by counsel to the other party within ten (10) business days after receiving a copy of the transcript thereof that such testimony shall be designated as "Confidential." In the event that deposition testimony is designated as "Confidential" on the record, the stenographic reporter transcribing such testimony shall be directed by the designating party to bind any transcript page(s) designated as "Confidential" separately and apart from any transcript page(s) not so designated.

5. All deposition transcripts shall be treated as Confidential from the taking of the deposition to ten (10) business days after the party receives a transcript of the deposition.

6. The parties agree that the Confidential Information shall only be used to assist in the prosecution or defense of this action and shall not be used for any other purpose during or after this litigation and that it shall be accorded the treatment set forth herein.

7. Confidential Information shall not be disclosed, shown or otherwise revealed to anyone other than (a) the parties (which shall include as to disclosure by a party, disclosures to current and former directors, officers and employees of that party or of related or affiliated entities); (b) counsel for the parties and members and employees thereof; (c) non-party witnesses to whom documents or information need be disclosed; (d) experts or other persons retained to assist in the prosecution or defense of this matter; (e) court reporters, depositions transcript reporters and videographers; and (f) the Court and employees of the Court.

8. Before disclosure of any Confidential Information to any person listed in paragraphs 7 (c) and (d), such persons shall read and sign a copy of the agreement to be bound by the confidentiality stipulation and order attached hereto as Exhibit A or if at a deposition verbally agree to be bound on the record.

9. In the event that the parties disagree at any stage of the proceedings with the designation by any party of any document or information as "Confidential," the parties shall first try to dispose of the dispute in good faith on an informal basis, and following that, may ask the Court as the case may be to resolve the dispute. Until a contrary decision of the Court is reached, the materials designated as "Confidential" shall be treated as Confidential pursuant to the terms of this Stipulation and Order.

10. ~~Confidential Materials may be filed with the Court under seal provided that the party filing materials containing Confidential Information it has designated or deems to be "Confidential" must contemporaneously move for a protective order demonstrating that the Confidential Materials are entitled to be treated as confidential and supporting its motion by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. A party filing Confidential Materials containing Confidential Information that the other party has designated or deemed to be "Confidential" must file the Confidential Materials under seal provided that the seal will remain in place only for period of ten (10) days unless and until the party asserting confidentiality files a motion for a protective order demonstrating that the Confidential Materials are entitled to be treated as confidential and supporting its motion by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. Any Confidential Materials filed under seal shall remain under seal pending the resolution of any motion for a protective order filed by any party as required by this paragraph.~~ *[handwritten: Act, see my Individual Rule 4]*

11. Prior to moving for an Order permitting the submission of documents under seal, the moving party should first, if practicable, attempt to confer with the other party to determine whether the confidentiality of the information may be protected by some other method, such as redaction of the Confidential Information. ~~In addition, if practicable, only those portions of materials filed with the Court that contain Confidential Information should be filed under seal pursuant to Court Order.~~ *[handwritten: ACK]*

12. If any party wishes to use Confidential Material during trial of this action, it will, before trial, confer in good faith with the other party to attempt to agree upon a method to protect such Confidential Material. If the parties are unable to reach agreement, the party

opposing the use of such Confidential Material may seek a Court Order protecting such Confidential Material during trial. The parties agree to abide by the terms of this Order pending resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of trial. Copies of any information or documents designated as "Confidential" that are marked as trial exhibits or otherwise shown to a witness during trial shall have the "Confidential" designation deleted therefrom before they are shown to the witness or the jury unless the Designating Party has obtained an appropriate Protective Order from the Court.

13. Nothing contained herein shall be construed (i) to prevent any party from using materials or information itself has produced or obtained through means other than discovery to assist in the prosecution or defense of this action; or (ii) from objecting to the production of information on any permissible ground. In addition, unless further ordered by the Court, and except as otherwise specified herein, nothing herein shall be construed to affect the conduct of the Court proceedings in this matter or the Court's management of this matter; including a trial or hearing.

14. The designation of any documents or information as "Confidential" may be withdrawn by the designating party at any time by giving written notice to counsel for all parties to this litigation and un-marked documents or information. The failure of a party to designate information as "Confidential" does not preclude a party from subsequently designating information as Confidential.

15. Nothing contained herein shall be construed to cover information obtained outside the discovery process in this matter (whether or not that same information was produced in discovery in this matter).

16. In the event documents that are claimed to be privileged or protected by the work product doctrine are inadvertently produced, such documents shall be returned by the receiving party to the producing party within two days of any written request therefore, unless the receiving party challenges the privileged or protected nature of the document(s), in which case the producing party shall make an application to the Court for the return of the document(s). While such application is pending, the receiving party shall not use or divulge the contents of such document(s) except to the Court. The inadvertent production of any document claimed to be privileged or protected shall not constitute or be deemed a waiver of any such privilege or protection.

17. Nothing in this Order will preclude any person or party from seeking a further Protective Order with respect to any Confidential Information addressed herein, including the treatment of Confidential Information at any trial or hearing in this matter.

18. If a party in possession of Confidential Information receives a subpoena from a non-party to this litigation seeking production or other disclosure of Confidential Information, it shall immediately give written notice to the party who produced the Confidential Information identifying the material sought and enclosing a copy of the Subpoena.

19. Upon final disposition of this matter, all documents subject to this confidentiality stipulation and order other than papers filed with or submitted to the Court, and any copies thereof, shall, upon request (or later if the documents have not been destroyed or

disposed of) and at the expense of the requesting party, be returned to the party who produced the documents. Absent such request, the party holding such documents may destroy or securely dispose of such documents. A party's counsel may keep and not destroy a full set of any documents produced in the litigation as well as documents incorporating or referring to information exchanged during the course of this proceeding which is inextricably fused with the work product of that party's counsel or is part of the record in this matter or any related proceeding. All such documents shall, in any event, remain confidential in accordance with this stipulation and order.

20. The parties agree to be bound by the Confidentiality Stipulation pending its approval, as written or modified, by the Court.

21. After the termination of this litigation, this Stipulation and Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed or communicated and who have agreed to be bound by this Stipulation and Order.

Dated: March 26, 2008
      New York, New York

DREIER LLP

By: _____
    Marc S. Dreier
    Amianna Stovall
    Rachelle Rosenberg

499 Park Avenue
New York, New York 10022
*Attorneys for Plaintiff*

EPSTEIN BECKER & GREEN, P.C.

By: _____
    James G. Murphy
    Howard Schragin

250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
*Attorneys for Defendants*

SO ORDERED as modified

_____
U.S.D.J.
4/16/08

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN S. NOVICK,

                         Plaintiff,

          - against -

AXA NETWORK, LLC,
and AXA ADVISORS, LLC,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF Case**

Case No.:
07 CIV 7767 (AKH)(KNF)

### AGREEMENT CONCERNING CONFIDENTIAL INFORMATION
### COVERED BY STIPULATION AND PROTECTIVE ORDER

      The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in this action by the United States District Court for the Southern District of New York on _____, 2008, that he/she understands the terms thereof and that he/she agrees to be bound by such terms.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
AFFILIATION/COMPANY

_____
DATE

- 9 -