UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
STEVEN S. NOVICK,                                     :
                                                      :     **ORDER GRANTING**
                                      Plaintiff,      :     **DEFENDANTS' MOTION FOR**
            -against-                                 :     **PARTIAL SUMMARY JUDGMENT**
                                                      :
AXA NETWORK, LLC, and AXA                             :     07 Civ. 7767 (AKH)
ADVISORS, LLC,                                        :
                                                      :
                                      Defendants.     :
------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

  Between 2002 and 2006, Plaintiff Steven S. Novick worked as an agent selling

life insurance and annuity products on behalf of Defendants AXA Network, LLC and AXA

Advisors, LLC (together, "AXA").  When AXA terminated its affiliation with Plaintiff, he filed

suit, alleging breach of contract and various business torts on the theory that he was fired in

retaliation for exposing improprieties at AXA.  AXA asserted counterclaims, seeking repayment

on two promissory notes that Plaintiff executed in favor of AXA, and moved for partial summary

judgment on one of the two notes.  The motion is granted.

  The motion concerns a note executed by Plaintiff on August 28, 2003 in the

amount of $1 million, with a maturity date of October 1, 2008.  The terms of the note provided

for quarterly payments of principal and interest, and further provided that, if Plaintiff's affiliation

with AXA were terminated for any reason, the entire outstanding amount would come due

immediately, and Plaintiff would be responsible for the costs of enforcing the debt.  See Kalish

Aff. Exh. D.  AXA terminated its relationship with Plaintiff on October 12, 2006, and, on

November 21, 2006, invoked the acceleration clause to demand payment of the outstanding

amount due on the note, $450,000 of principal plus $10.491.78 of interest.  AXA again

demanded payment on June 15, 2007. As of April 13, 2009, the accumulated interest was $89,038.77, making the total principal and interest due $539,038.77.

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (citations omitted). However, "[m]ere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen Assocs. v. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001).

"Cases seeking recovery on promissory notes are particularly suitable for disposition by summary judgment, as the moving party need merely establish the absence of a genuine issue as to the execution and default." Pereira v. Cogan, 267 B.R. 500, 506 (S.D.N.Y. 2001). Under New York law, which governs actions on the note, see Kalish Aff. Exh. D, the holder of a promissory note is entitled to judgment as a matter of law upon making a showing of execution and default, unless the obligor demonstrates the existence of a triable issue of fact. See Bank of N.Y. v. Vega Tech. USA, LLC, 794 N.Y.S.2d 922, 923 (App. Div. 2005); Gateway State Bank v. Shangri-La Private Club for Women, Inc., 493 N.Y.S.2d 226, 227 (App. Div. 1985).

AXA has made a prima facie case for judgment on the note. Plaintiff concedes execution, as well as his receipt of AXA's demand letters and his failure to pay. See Novick Aff. ¶¶ 3, 15-16. Plaintiff makes two arguments: first, that AXA did not compensate him fully under

the parties' affiliation agreement, so the amount owed on the note should be reduced by the amount of compensation that AXA failed to pay; and second, that AXA may not invoke the note's acceleration clause because it terminated him wrongfully.  There is no evidence, however, that Plaintiff's obligation to repay the loan and AXA's obligation properly to pay Plaintiff commissions were dependent promises.  See Pereira, 267 B.R. at 507 ("Offset claims do not bar summary judgment on promissory notes or other payment obligations, unless such obligations and the offset claims involve contractually 'dependent' promises.").  The contract by which AXA paid Plaintiff commissions was executed separately, and months before, the promissory note.  Moreover, the note expressly allows AXA to withhold commissions from Plaintiff if Plaintiff defaults on the note, but it does not correspondingly allow Plaintiff to withhold payment on the note if AXA fails to pay commissions.  See Inner City Telecomms. Network, Inc. v. Sheridan Broad Network, Inc., 688 N.Y.S.2d 534, 535 (App. Div. 1999).  For this reason, the accounting and additional discovery sought by Plaintiff would be unavailing.  Nor does the note excuse Plaintiff from payment if he was wrongfully terminated as well as inadequately compensated.  Neither the terms nor the circumstances of the note permit Plaintiff to assert the defenses for which he argues.  See Pereira, 267 B.R. at 507.  As a result, Plaintiff has not shown "a genuine and substantial issue rebutting holder's entitlement to payment."  CAMOFI Master LDC v. College P'ship, Inc., 452 F. Supp. 2d 462, 471 (S.D.N.Y. 2006) (citation omitted).

Accordingly, I grant Defendants' motion for partial summary judgment.  I find no reason to stay entry of judgment against Plaintiff on the note, as it arises from the breach of a separate obligation, and would not prejudice Plaintiff's ability to pursue, and collect any judgment on, his claims.  See Fed. R. Civ. P. 54(b); The Coleman Co., Inc. v. Hlebanja, No. 96 Civ. 1288 (MBM), 1997 U.S. Dist. LEXIS 225, at *25-*28 (S.D.N.Y. Jan. 15, 1997).

The Clerk shall enter judgment against Plaintiff in the amount of $539,038.77, plus additional interest and costs and expenses, including reasonable attorney's fees, to be determined as follows:  Defendants shall submit calculations and support for the total amount of judgment by September 9, 2009, and Plaintiff may submit an objection, if any, to those calculations, by September 16, 2009.

The Clerk shall mark the motion (Doc. #41) as terminated.

SO ORDERED.

Dated:        August **27**, 2009
              New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge