UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
STEVEN S. NOVICK,                          :    **ORDER GRANTING IN PART**

                                         :    **AND DENYING IN PART**

                      Plaintiff,    :    **LEAVE FOR PLAINTIFF TO**

    -against-                         :    **FILE SECOND AMENDED**

                                         :    **COMPLAINT**

AXA NETWORK, LLC and AXA    :

ADVISORS,                         :    07 Civ. 7767 (AKH) (KHN)

LLC,                                  :

                                       :

                    Defendants.    :
-------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff, Steven S. Novick, moves to add two claims to his Amended complaint,

one claim for an accounting of commissions allegedly payable (Count I), and the second,

a claim for conversion (Count VIII).   I grant the motion to add the claim for an

accounting; I deny the motion to add a claim for conversion.  Accordingly, Plaintiff may

file his proposed Second Amended Complaint to add only the claim for an accounting.

       A claim for an accounting is appropriate where, as here, the salesman depends on

his employer for an accurate tally of his commission sales.  Pressman v. Estate of

Steinvorth., 860 F. Supp. 171, 179 (S.D.N.Y. 1994) (noting that elements of accounting

claim under New York law are "'(1) relations of a mutual and confidential nature; (2)

money or property entrusted to the defendant imposing upon him a burden of accounting;

(3) . . . no adequate legal remedy; and (4) in some cases, a demand for an accounting and

a refusal.'" (quoting 300 Broadway Realty Corp. v. Kommit, 235 N.Y.S.2d 205, 206

(Sup. Ct. 1962)).  Defendants' objection that the employer is not, in the circumstances, a

fiduciary, is rejected.  A claim for conversion of an alleged proprietary interest in

particular customers does not constitute a conversion.  Rao v. Verde, 635 N.Y.S.2d 660,

1

660 (App. Div. 1995) (holding that New York law does not recognize conversion claims based on intangible property and dismissing, on this ground, Plaintiff's claim based on Defendant's use of information from patient list to solicit those patients).   Defendants' objection to that claim is sustained.

I take this opportunity also to rule, sua sponte, and to comment on other aspects of the proposed Second Amended Complaint.

1.  Novick bases subject matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a).  However, both defendants are named as limited liability companies.  As such, each defendant is a citizen of the state in which each and all of its constituents are citizens. See Carden v. Arkoma Associates, 494 U.S. 185, 189-96 (1990) (applying complete diversity rule to partnership); Curley v. Brignoli, Curley & Roberts Assocs., 915 F.2d 81, 84 (applying complete diversity rule to all individual members of limited liability corporation in light of Carden).  While Plaintiff asserted jurisdictional grounds in its response to my Order to Show Cause that raised this issue, See Order, Steven S. Novick v. AXA Network, LLC and AXA Advisors, LLC, 07 Civ. 7767 (AKH) (KNF) (S.D.N.Y. Jan. 3, 2008), he has failed to include the required jurisdictional allegations in his Amended Complaint. Without a curative allegation in the Second Amended Complaint, the federal court lacks subject matter jurisdiction, and the case will be dismissed.

2.  There is a large overlap among the several counts making up the Second Amended Complaint.  Basically, plaintiff is seeking to recover allegedly unpaid commissions, avoid repaying a loan, and trying to preserve customers for himself

2

that he serviced while working for defendants, and some of whom he may have introduced to defendants. The merits of the overlapping counts, and clear separation among them, will have to be determined as the case progresses. The overlap is likely to add substantial expense to the litigation, and confuse discovery. The parties should understand that I am not, at this time, expressing judgment on any aspect of the Second Amended Complaint.

3. Plaintiff may file and serve a Second Amended Complaint, adding a claim for an accounting but not including a claim for conversion, and curing the issue of subject matter jurisdiction, by November 10, 2009. Counsel for the parties shall promptly attend to Initial Disclosure, Fed. R. Civ. P 26(a) and (f), to the extent not already accomplished, and meet with me for a status conference on November 20, 2009, at 10:00 a.m. Counsel shall complete a Case Management Order for that meeting, and each shall outline how he proposes to bring this case to a prompt resolution.

SO ORDERED.

Dated:    October _W_, 2009
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge