UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
STEVEN S. NOVICK,                                        :      **ORDER DENYING MOTION**
                                                         :      **FOR RECONSIDERATION**
                              Plaintiff,                 :
        -against-                                        :      07 Civ. 7767 (AKH) (KHN)
                                                         :
AXA NETWORK, LLC, et al.                                 :
                                                         :
                              Defendants.                :
                                                         :
                                                         :
-------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       On January 19, 2010, Plaintiff Steven S. Novick moved for reconsideration of my Order granting Defendants motion for partial summary judgment and denying Plaintiff's request for a stay of the judgment's execution. See Novick v. AXA Network, LLC, 07 Civ. 7767 (AKH), 2009 WL 2753201 (S.D.N.Y. Aug. 27, 2009).

       The standards governing a motion for reconsideration are "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . [and which] might be expected to alter the [court's] conclusion." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3 (requiring movant to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). A motion for reconsideration may not rehash arguments already made or advance arguments not previously presented. Pfizer, Inc. v. Stryker Corp., No. 02 Civ. 8613 (LAK), 2005 WL 44383, at *1 (S.D.N.Y. Jan. 10, 2005).

       Plaintiff does not point to any overlooked controlling caselaw or facts in support of his motion. Rather, he restates his argument that the promissory note and his

1

employment agreement were dependent promises. I have already considered and rejected that argument.

Accordingly, Plaintiff's motion for reconsideration is denied. The Clerk shall mark the motion (Doc. No. 83) as terminated.

SO ORDERED.

Dated:   February 2, 2010
         New York, New York

                                          _____
                                          ALVIN K. HELLERSTEIN
                                          United States District Judge

2