UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN S. NOVICK,                                   :

           Plaintiff,                              :

           -against-                              :      **MEMORANDUM AND ORDER**

AXA NETWORK, LLC, and                               :      07 Civ. 7767 (AKH) (KNF)
AXA ADVISORS, LLC,
                                                     :
           Defendants.
------------------------------------------------------X
AXA NETWORK, LLC, and                               :
AXA ADVISORS, LLC,
                                                     :
           Counter Claimants,
                                                     :
           -against-
                                                     :
STEVEN S. NOVICK,
                                                     :
           Counter Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

        On September 24, 2013, the Court denied the plaintiff's motion to compel and directed the plaintiff to show that his motion was substantially justified or that other circumstances make an award of expenses unjust, pursuant to Fed. R. Civ. P. 37(a)(5)(B). Before the Court is an affirmation by the plaintiff's attorney, opposed by the defendants.

        The plaintiff's attorney contends that "[t]he history of this case, Judge Hellerstein's prior orders (specifically the September 26, 2012 allowing Plaintiff to re-file his previous motion), and finally the conclusion of the Status Conference held on February 1, 2013 before Judge Hellerstein, which established a briefing schedule for all motions for discovery and sanctions . . . substantially justify the filing of Plaintiff's Motion to Compel an Accounting." According to the

plaintiff, the issue of an accounting and the manner in which the plaintiff was to be compensated has been contested since the beginning of the litigation. The plaintiff contends that, on May 6, 2011, Judge Hellerstein directed the defendants to provide "a specific and sufficient accounting that establishes the monies that he received." The defendants produced the accounting, which the plaintiff found deficient. The plaintiff asserts that, on November 7, 2011, Judge Hellerstein stated "that commissions are a factor of total revenues produced by the book of business." Subsequently, the plaintiff made a motion for contempt, alleging that the defendants failed to produce an accounting in accordance with the June 18, 2012 and June 27, 2012 orders. On September 26, 2012, Judge Hellerstein denied the plaintiff's motion for contempt for failure to produce an accounting, which he deemed a motion to compel discovery, without prejudice to renewal after November 14, 2012. Moreover, Judge Hellerstein stated, during the June 27, 2012 conference, that "he was open to having his mind changed in the matter if Plaintiff could show he was to be paid *via* GDCs rather than PCs and POP." Although the Court did not rule in favor of the plaintiff, the plaintiff "attached numerous exhibits to his motion and reply," to show that he "was to be hired under GDCs, thus fulfilling [Judge Hellerstein's] specific request."

      The defendants contend that the plaintiff's motion was not substantially justified, because, "[w]hile plaintiff has complained that the accounting is insufficient, he has not identified any errors or deficiencies in the accounting." Moreover, "[t]here is no evidence that plaintiff was entitled to any more compensation than he received, or entitled to any compensation based on types of revenues not disclosed to him in the accounting he received," and he failed to identify any special circumstances that would make an award of expenses to the defendants unjust.

*Discussion*

> If a motion to compel
>
> is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5)(B).

A motion "is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Gomez-Beleno v. Holder, 644 F.3d 139, 145 (2d Cir. 2011) (citation omitted). In other words, to avoid mandatory attorney's fees under Rule 37(a)(5)(B), the movant must show that his motion had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).

On June 27, 2012, Judge Hellerstein ruled that he was not going to require the defendants to produce, as part of their accounting, the type of compensation the plaintiff requested to be included in the defendants' accounting, unless the plaintiff can produce a "writing reflecting that it was negotiated for and obtained." (Docket Entry No. 148, p. 31). By an order, dated September 27, 2012, Judge Hellerstein denied, "without prejudice to renewal after November 14, 2012," the plaintiff's motion for an order holding the defendants in contempt for failing to provide the plaintiff with an accounting as required by the court, which was deemed to be a motion to compel discovery. (Docket Entry No. 154). Thus, Judge Hellerstein permitted the plaintiff, explicitly, to make a motion to compel an accounting after November 2012, which the plaintiff did. The plaintiff's motion had a reasonable basis both in law and fact because it was based on the plaintiff's position that he was entitled to a particular type of compensation which was not included in the accounting produced by the defendants, and Judge Hellerstein

specifically invited the plaintiff to renew his motion and produce evidence demonstrating his entitlement to the particular type of compensation to which the plaintiff believes he was entitled. The fact that the plaintiff's motion to compel an accounting was denied and the Court found the plaintiff's evidence was insufficient to satisfy his burden of showing that granting the motion was warranted does not, by itself, establish that the plaintiff's motion was not substantially justified. Accordingly, the Court finds that the plaintiff's motion to compel an accounting was substantially justified and ordering the plaintiff to pay the defendants' reasonable expenses is not warranted.

Dated:  New York, New York           SO ORDERED:
        November 6, 2013

                                                                    KEVIN NATHANIEL FOX
                                                                    UNITED STATES MAGISTRATE JUDGE

stevennovick10.mo