UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN S. NOVICK,                                   :

        Plaintiff,                                    :

     -against-                                       :  **AMENDED MEMORANDUM AND ORDER**[1]

AXA NETWORK, LLC, and                            :  07 Civ. 7767 (AKH) (KNF)
AXA ADVISORS, LLC,
                                                 :

        Defendants.
------------------------------------------------------X
AXA NETWORK, LLC, and                            :
AXA ADVISORS, LLC,
                                                 :

        Counter Claimants,            :

     -against-                                       :

STEVEN S. NOVICK,                                 :

        Counter Defendant.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Background*

       On October 3, 2013, the Court directed the plaintiff to submit, via affidavit or other competent evidence, his request for: (i) costs associated with the depositions of Mike Rynicker, Rocco Tomesco, Jeff Press, Joe Pirrone and Joel Miller, including reasonable attorney's fees; and (ii) reasonable attorney's fees incurred in connection with the plaintiff's motion for sanctions, which was granted by the October 3, 2013 order. The plaintiff submitted an affirmation by his attorney, Michael S. Finkelstein ("Finkelstein"), with exhibits, requesting

---

[1] This Amended Memorandum and Order amends the December 10, 2013 Memorandum and Order (Docket Entry No. 230) to correct an erroneous directive to the defendants' counsel to participate in the payment of the plaintiff's reasonable attorney's fees and costs incurred in connection with the depositions at issue.

$22,163.49, the attorney's fees and costs related to the depositions, and $14,220.00, the attorney's fees related to the plaintiff's motion for sanctions.  Finkelstein states that he is a partner in the law firm Finkelstein & Feil, P.C., engaged by the plaintiff pursuant to a retainer agreement, which provides that services rendered would be billed by: (a) partners, at a discounted hourly rate of $300; (b) associates, at an hourly rate of $225.00; and (c) support staff and paralegals, at an hourly rate of $75.  Finkelstein graduated from law school in 1992 and has extensive litigation experience, with a particular area of expertise in dealing with financial advisors and securities law.  He contends that Craig Riha ("Riha") is an associate, who has been practicing securities and civil litigation with the firm since 2009.  According to Finkelstein, he and Riha spent 56.30 hours working on the motion for sanctions, generating $14,220 in attorney's fees.  They worked 59.20 hours preparing for and conducting the depositions, generating $16,357.50 in attorney's fees.  Moreover, $5,805.99 are sought for the following expenses: (1) $87.25, for overnight delivery services; (2) $350.99, for subpoena appearance and mileage fees; (3) $5,243.70, for estimated deposition transcripts; (4) $36.00, for parking related to the November 15, 2013 deposition of Joe Pirrone; (5) $15, for the toll for the Midtown Tunnel related to the November 15, 2013 deposition of Joe Pirrone; and (6) $73.05, for copying 1,461 pages at $0.05 per page.

   The defendants responded to the plaintiff's submission by a declaration of their counsel, Aime Dempsey ("Dempsey").  Dempsey states that the "[d]efendants do not contest the costs and fees sought by plaintiff for the motion for sanctions other than as set forth in their Motion for Reconsideration" of that motion.  Dempsey contends that "[w]ith respect to plaintiff's costs and attorney's fees for the depositions, in addition to the rationale for reconsideration set forth in their Motion for Reconsideration, defendants respectfully dispute that the depositions, as

conducted, were reasonable, or that they complied with the purposes of the Order." According to Dempsey, the four depositions the plaintiff conducted "were not structured to assist plaintiff to 'learn facts material to the prosecution of his action,'" and they were not "particularly related to the produced – or missing – audio recordings." Dempsey asserts that the "defendants have determined that a piecemeal attack of plaintiff's submissions for legal fees and costs for the depositions would not be productive and, therefore, do not seek any specific reduction in the approximately, $22,000 in legal fees and costs sought by plaintiff."

*Legal Standard*

When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See id. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

Attorney fee awards include reasonable out-of-pocket expenses, such as those for photocopying, travel, telephone usage, postage and computerized research. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). A fee application that is not supported by evidence of

3

"contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. <u>New York State Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1154 (2d Cir. 1983).

*Application of Legal Standard*

Upon review of the contemporaneous time records kept by counsel to the plaintiff in connection with the plaintiff's motion for sanctions and the depositions, the Court finds that the fees requested by the plaintiff are reasonable. Finkelstein's and Riha's skills and experience appear to be at a level that would enable them to perform properly the legal services germane to the plaintiff's motion for sanctions and the depositions. The plaintiff's motion for sanctions did not involve any novel or difficult question. Notwithstanding that fact, the time and labor expended in connection with the sanctions motion and the depositions appear to be reasonable. This is so especially in light of the fact that the defendants' response to the plaintiff's motion for sanctions revealed a change in circumstances, namely, that since the plaintiff's filing of the motion, the defendants have located the audio recordings for which the plaintiff sought sanctions. Although the defendants contest the reasonableness of the depositions, they do not contest the reasonableness of the attorney's fees and costs requested by the plaintiff. In the circumstance of this case, the Court finds that the plaintiff is entitled to recover from: (i) the defendants the reasonable attorney's fees and costs associated with the depositions; and (ii) the defendants and their counsel, in equal proportions, the reasonable attorney's fees related to his motion for sanctions.

*Conclusion*

For the foregoing reasons: (1) the defendants shall pay to the plaintiff $22,163.49, the reasonable attorney's fees and costs associated with the depositions; and (2) the defendants and

their counsel shall pay to the plaintiff, in equal proportions, $14,220.00, the reasonable attorney's fees incurred in connection with the plaintiff's motion for sanctions.

Dated: New York, New York
       December 11, 2013

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE