UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN S. NOVICK,

        Plaintiff,

    -against-                        **MEMORANDUM AND ORDER**

AXA NETWORK, LLC, and               07-CV-7767 (AKH) (KNF)
AXA ADVISORS, LLC,

        Defendants.
------------------------------------------------------------X
AXA NETWORK, LLC, and
AXA ADVISORS, LLC,

        Counter Claimants,

    -against-

STEVEN S. NOVICK,

        Counter Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    On October 22, 2014, the Court granted the plaintiff's motion for sanctions, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and awarded the plaintiff reasonable attorney's fees and costs incurred in connection with that motion, to be paid by the defendants. (Docket Entry No. 259). The defendants' objections to the Court's October 22, 2014 order were denied. (Docket Entry No. 267). Before the Court is the plaintiff's fee application, challenged by the defendants.

*Plaintiff's Fee Application*

    Through an affirmation submitted to the Court, the plaintiff's counsel, Michael S. Finkelstein, Esq. ("Finkelstein"), seeks $58,424.01 in attorneys' fees and costs associated with

the plaintiff's motion for sanctions. According to Finkelstein, "the costs sought are for reimbursement of the costs incurred in Plaintiff's making of a motion for sanctions, as well as the review of the e-mails and audio recordings appurtenant thereto." Finkelstein asserts that the plaintiff retained Finkelstein & Feil, P.C. ("F & F"), pursuant to a retainer agreement which provides the following hourly rates for services rendered: (a) $300, for partners; (b) $225, for associates; and (c) $75, for "support staff/paralegals." Finkelstein contends that he and Craig Riha, Esq. ("Riha") worked primarily on the motion. Finkelstein is a partner in F & F. He graduated from the University of Miami School of Law, in 1992, and has had extensive litigation experience during the past 22 years. Finkelstein has expertise in litigating financial matters dealing with financial advisors and securities law. Finkelstein asserts that Timothy Feil, Esq. ("Feil"), is an F & F partner. He graduated from New York Law School, in 2000, and has extensive litigation experience, and has developed an expertise in the same areas as Finkelstein. Riha is an F & F associate, who has been employed by the firm since 2009. Riha graduated from Hofstra University School of Law and has been practicing securities law and civil litigation since 2009.

Finkelstein contends that "the attorneys who worked on this matter reasonably and necessarily spent in excess of 216 hours resulting in fees and expenses to the Plaintiff." Additionally, the firm spent "over 125" hours, "reviewing (using Defendants' words) a 'Computer Dump' totaling in excess of 143,000 pages of emails and multiple hours of audio recordings." Finkelstein asks that the "Plaintiff be reimbursed a reduced amount of $20,000 for time spent reviewing same, which was the catalyst requiring Plaintiff to make the instant motion." Finkelstein requests "that [his] Firm [sic] be reimbursed $58,424.01 together with an additional $20,000 from Defendants, pursuant to this Court's November 22, 2014 Order."

2

Attached to Finkelstein's affirmation is Exhibit B, "the firm's invoice for work performed on this motion."

*Defendants' Challenges*

The defendants oppose the plaintiff's fee application by a declaration of their attorney, David J. Clark, Esq. ("Clark") with exhibits. Clark contends that the requested fees are unreasonable because

> [t]hey go well beyond the limits set forth in the Order, and the following substantial parts of those fees and costs should be disallowed: a) $20,000 in unsubstantiated costs allegedly incurred in review of documents and audio recordings produced in discovery; b) $1,920.00 in fees relating to plaintiff's attorney reviewing audio recordings produced by defendants in discovery and trying to identify the speakers on those recordings; c) $202.50 in fees relating to review of e-mails produced by defendants in discovery; d) $2,190.00 in fees relating to plaintiff's meritless requests for clarification of the Order and to change the individuals whose depositions he was permitted by the Order to re-take; e) $3,405.00 in fees relating to plaintiff's unnecessary pre-motion letters to Magistrate Judge Fox and Judge Hellerstein sent in violation of the Court's rules; f) $4,927.50 in fees incurred in reviewing and opposing defendants' Objections to the Order; and g) $3,487.50 in unwarranted "fees on fees."

The defendants contend that the plaintiff's request for $20,000 in costs, incurred reviewing e-mail messages and audio recordings, is beyond the costs and fees incurred in connection with the motion permitted to be recovered by the October 22, 2014 order. According to the defendants, "the time entries between and including February 5, 2014 and March 14, 2014 for which plaintiff seeks reimbursement should be disallowed," because they "do not relate to materials that were not produced by defendants"; rather, they relate to audio recordings that were produced in discovery and were being reviewed, but that plaintiff was not able to identify. These time entries amount to $1,920. Moreover, the April 14 and 16, 2014 time entries, totaling $202.50, relate to a discovery review and should be denied. The defendants assert that the plaintiff's November 7, 2014 letter requesting clarification and modification of parts of the

3

October 22, 2014 order, asking to take depositions of individuals other than those identified in the order, was not made in connection with the motion, but after the motion was decided, and the related fee request for $2,190 should be denied. Moreover, the plaintiff's pre-motion letters, dated December 12, 2013, and January 22, 2014, were unnecessary and in contravention of the Local Civil Rules of this court and the Individual Rules of Practice of the assigned district judge, and his request for $3,405 in connection with those letters should be denied. The defendants assert that the plaintiff's request for $4,927.50, related to his opposition to their objections to the October 22, 2014 order should be denied because the defendants' objections were denied and the plaintiff's award of costs and expenses upheld, without any finding "that additional costs in connection with the Objections should be awarded." According to the defendants, the final five entries in the plaintiff's request, totaling $3,487.50, should be denied because they concern fees incurred in preparing the instant fee application. The defendants assert that the plaintiff's remaining fee request is inflated, because he sought only $14,220 in connection with his earlier motion for sanctions, but the work performed was "the same or similar" to the work in the instant motion for sanctions; thus, the amount should be reduced by 30%.

***Plaintiff's Reply***

The plaintiff asserts that the defendants' contentions are meritless and reducing his fees by 30% is not warranted, since the law firm is billing him at reduced rates. He contends that the instant motion for sanctions involved more preparation than the previous one, and the defendants "have completely brought this upon themselves," since they disregarded their discovery obligations even after they were sanctioned by the Court prior to this motion. Furthermore, "[t]here was absolutely no reason for Defendant[s] to produce recordings of which 99.64% were not responsive, and now have the audacity to claim that the time spent reviewing same was

4

unreasonable." The plaintiff asserts that, "[w]ithout Plaintiff and his Counsel spending countless hours reviewing mostly non-responsive emails and audio tapes there was no way to know how deficient the Defendants responses were."

***Legal Standard***

When exercising their discretion to determine the reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

5

*Application of Legal Standard*

    Review of E-mail Messages and Audio Recordings

    In his motion for sanctions, the plaintiff referenced, in great detail, the defendants' failure to comply with their discovery obligations, including their belated production of: (a) "4,700 audio files," of which only "17 recordings . . . are responsive (or 0.36% of the recordings produced)"; and (b) thousands of pages of e-mail messages after, on "at least three previous occasions," the defendants stated that they had produced completely all discovery that was ordered, which did not include anything regarding "Georgette Geller and/or the hiring process at the Stamford branch," or "any discussion between Plaintiff and Mr. Joel Miller about continuing business operations," or "e-mails between Joel Miller and Joseph Miller," or those "between Max Haspel and Joel Miller." Without reviewing the belated production of audio tapes and e-mail communications, the plaintiff would not have known whether the defendants complied with their discovery obligations and could not have brought the motion for sanctions. The Court finds that the plaintiff is entitled to recover reasonable attorney's fees incurred through his counsel's, but not his own, review of the audio recordings and e-mail communications, because those fees were incurred in connection with making the plaintiff's motion for sanctions. However, except for Finkelstein's statement, in his affirmation, that "this law firm has spent over 125 hours, in conjunction with Plaintiff," reviewing audio recordings and e-mail communications, no contemporaneous records from the plaintiff's counsel were presented to the Court in support of the fee request for "over 125 hours" the law firm expended reviewing the e-mail messages and audio recordings. Accordingly, awarding $20,000, in connection with counsel's review of e-mail messages and audio recordings, is not warranted.

### Identification of Audio Recordings

The defendants' argument, that the fees incurred between and including February 5, 2014, and March 14, 2014, should be denied because they relate to the materials produced by the defendants, is rejected. Had the plaintiff not done any work on the belated production of discovery materials, he would not have known what was not produced and could not have made his motion for sanctions.

### E-mail Discovery Review

Similarly, the defendants' contention that the fees for April 14 and 16, 2014, should be denied is rejected, because the defendants failed to show that these fees were not incurred in connection with the plaintiff's motion for sanctions.

### Plaintiff's Request for Clarification and Modification of the October 22, 2014 Order

Although the plaintiff's November 7, 2014 letter was denied in part, the Court does not find it was meritless. The defendants failed to make citation to a binding authority for the proposition that "actions taken after plaintiff's Motion already had been decided," are not subject to reasonable attorney's fees in connection with the motion. Thus, rejecting the plaintiff's request for fees incurred on April 14 and 16, 2014, is not warranted.

### Plaintiff's Pre-Motion Letters

The defendants are correct in asserting that the plaintiff's December 12, 2013 and January 22, 2014 letters were made in contravention of the Local Civil Rules of this court and the Individual Rules of Practice of the assigned district judge. The Court finds that the plaintiff's request for $3,405 in attorney's fees related to those two letters is not reasonable.

### Opposing Defendants' Objections

The defendants failed to make citation to a binding authority in support of their argument

that the plaintiff's opposition to their objections to the Court's October 22, 2014 order is not subject to the plaintiff's fee application. The defendants' argument is meritless. Had the defendants not made objections, there would be nothing to oppose and the plaintiff would not have incurred any fees. The Court finds that attorneys' fees related to the plaintiff's opposition to the defendants' objections were incurred in connection with the plaintiff's motion for sanctions.

    Fees on Fees

"[U]nless there are reasons to the contrary, motion costs should be granted whenever underlying costs are allowed." Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist,, 71 F.3d 1053, 1060 (2d Cir. 1995). The Court finds no basis to depart from this rule because no evidence exists of unreasonably dilatory or otherwise improper conduct by the plaintiff. Accordingly, the plaintiff is entitled to the reasonable attorneys' fees he incurred in making the instant fee application.

    Reasonableness of the Requested Attorneys' Fees

    The discounted hourly rates, charged by the law firm pursuant to the retainer agreement it entered into with the plaintiff, are reasonable. The plaintiff submitted contemporaneous records in support of his fee application, except as noted previously, no contemporaneous records for "over 125 hours" the law firm expended reviewing the e-mail messages and audio recordings were provided to the Court. The time and labor required to make the plaintiff's motion for sanctions was significant, given the long history of the defendants' failure to discharge their discovery obligations. The plaintiff's motion did not contain any novel or difficult questions. The level of skill required to make the motion and the experience, reputation and ability of the attorneys were adequate. Upon review of the contemporaneous records

presented to the Court, except for the fees the Court finds unreasonable, as explained above, the Court finds that the attorneys' fees the plaintiff incurred in connection with his motion for sanctions, are reasonable.

*Conclusion*

For the foregoing reasons, the Court finds that the amount of time expended by the plaintiff's counsel and the hourly rates charged by the plaintiff's counsel are reasonable. Accordingly, the plaintiff is awarded attorneys' fees in the amount of $55,019.01, to be paid by the defendants expeditiously.

Dated: New York, New York  
February 23, 2015

SO ORDERED:

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

novick.mo