UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
STEVEN S. NOVICK,

      Plaintiff,

  - against -

AXA NETWORK, LLC and AXA ADVISORS, LLC

      Defendant.
------------------------------------------------- x

Case No. 07-CV-7767
(AKH)(KNF)

**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

  Defendants AXA Network, LLC ("AXA Network") and AXA Advisors, LLC ("AXA Advisors") (collectively, "AXA" or "defendants"), by their attorneys Epstein Becker & Green, P.C., submit the following Proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

  1. On or about November 12, 2002, Novick entered into the Agent's Agreement with AXA Network and the Registered Representative's Agreement with AXA Advisors (collectively, the "Agreements"). (Exhs. P1 and P3).

  2. On or about January 15, 2003, Novick executed a Promissory Note to AXA Network in the amount of $500,000. On or about May 22, 2006, the Promissory Note was amended, with the amendment to be effective retroactively. (The January 15, 2003 Promissory Note, as amended by letter dated May 22, 2006, is collectively referred to as the "Promissory Note"). (Exh. P8).

  3. Interest on the Promissory Note accrued at the applicable federal short-term rate in effect under Internal Revenue Code Section 1274(d). (Exh. P8 ¶ e).

4. Pursuant to the Promissory Note, an event of default, which allowed AXA Network to declare the Promissory Note due and payable, included termination of Novick's Agreements with either AXA Network or AXA Advisors (or both), by either party. (Exh. P8 ¶ g(3)).

5. Novick's Agreements with AXA Network and AXA Advisors were terminated on October 12, 2006. (Exh. P105).

6. Interest was due and payable upon the termination of Novick's agreements with AXA Network and AXA Advisors. (Exh. P8 ¶ e).

7. The Promissory Note includes a provision that, in the event of a successful collection action on the part of AXA Network, Novick must pay, in addition to the unpaid principal and interest, costs and expenses to AXA Network, including reasonable attorneys' fees. (Exh. P8 ¶ h(1)).

8. The Promissory Note provides for potential forgiveness of the principal amount, depending upon Novick's production. (Exh. P8).

9. Initially, forgiveness was based upon the Gross Dealer Concessions ("GDCs") received by Novick, whereby $200,000 of principal was to be forgiven for every $2,000,000 GDCs credited to Novick. (Exh. P8, January 15, 2003 Promissory Note, Table 1). In 2006, but made retroactive to the date of the Promissory Note, the forgiveness schedule was amended to reflect Production Credits ("PCs"), whereby $100,000 was forgiven for every 1,000,000 PCs credited to Novick. (Exh. P8, May 22, 2006 Letter Amendment, Table 1).

10. During his tenure with AXA, Novick earned more than 1,000,000 PCs, but less than 2,000,000 PCs. (Exh. JZ, Novick's Total PCs, listed by transaction).

11.     A total of $100,000 has been forgiven from the Promissory Note leaving a principal balance of $400,000. (Exh. GN).

12.     AXA Network has demanded repayment of the outstanding balance. (Exh. GN).

13.     Novick has not repaid any part of the Promissory Note. (Exh. JC ¶ 58).

14.     AXA compensated Novick, and awarded him PCs, according to the schedules and rules referenced in his Agreements and he did not earn more than $100,000 worth of forgiveness, pursuant to the terms of the Promissory Note.

## CONCLUSIONS OF LAW

15.     Novick has breached the Promissory Note with AXA Network by failing to pay the outstanding $400,000 plus interest, costs and expenses (including attorneys' fees) due thereunder.

16.     Breach of contract requires proof of the following: (a) the existence of a contract, (b) plaintiff's substantial performance under the contract, (c) defendant's breach of that contract, and (d) resulting damages. *J.P. Morgan Chase v. J.H. Electric of New York, Inc.*, 69 A.D.3d 802, 803 (2d Dep't 2010).

17.     AXA has met each of these elements; namely: (a) the parties entered into the Promissory Note; (b) plaintiff performed under the Promissory Note by loaning Novick $500,000; (c) Novick breached the Promissory Note by failing to pay AXA the amounts due thereunder; and (d) AXA has thereby been damaged in the form of the unpaid principal, interest and attorneys' fees incurred in enforcing collection of the unpaid principal and interest.

18.     Under New York law, a holder of a promissory note establishes a *prima facie* case for recovery by proving execution of a promissory note, demand for payment and failure on the part of the promisor to make payment. *See Customers Bank v. Anmi, Inc.*, No. 11 Civ. 07992 (AJN), 2012 U.S. Dist. LEXIS 180391, at *5 (S.D.N.Y. Dec. 20, 2012); *Camofi Master LDC v.*

3

*College Partnership, Inc.*, 452 F. Supp. 2d 462, 470 (S.D.N.Y. 2006); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, Nos. 01 Civ. 6600 (RLC), 02 Civ. 0138 (RLC), 2005 U.S. Dist. LEXIS 32299, at *28-29 (S.D.N.Y. Dec. 8, 2005), *aff'd sub nom., ITIS Holdings, Inc. v. Southridge Capital Mgmt., LLC*, 329 F. App'x 299 (2d Cir. 2009); *National Union Fire Ins. Co. v. Fremont*, 760 F. Supp. 334, 336 (S.D.N.Y. 1991); *Gross v. Fruchter*, 230 A.D.2d 710, 711 (2d Dep't 1996); *Gateway State Bank v. Shangri-La Private Club for Women, Inc.*, 113 A.D.2d 791, 791-92 (2d Dep't 1985), *aff'd*, 67 N.Y.2d 627 (1986).

19. Once the holder of the promissory note establishes a *prima facie* case, it is entitled to judgment as a matter of law. *See Internet Law Library, Inc.*, 2005 U.S. Dist. LEXIS 32299, at *26-27; *Koeben v. Altchek*, No. 94 Civ. 848 (PKL), 1997 U.S. Dist. LEXIS 2027, at *5-6 (S.D.N.Y. Feb. 26, 1997); *Bank of N.Y. v. Vega Tech. United States, LLC*, 18 A.D.3d 678, 679 (2d Dep't 2005); *Lahage v. Batrouni*, 289 A.D.2d 301, 301 (2d Dep't 2001).

20. AXA has set forth a *prima facie* case establishing its right to recover the debt owed on the Promissory Note. Novick executed the Promissory Note. The unforgiven portions of the Promissory Note became due and payable on October 12, 2006 when Novick's affiliation Agreements with AXA were terminated. Pursuant to the schedule annexed to the Promissory Note, $100,000 of the $500,000 has been forgiven. On November 21, 2006, AXA demanded payment of the outstanding balance of the January Promissory Note. To date, Novick has not repaid the outstanding amount or any interest thereon.

21. AXA has been forced to bring counterclaims to enforce collection of the January Promissory Note. Because AXA prevails on its counterclaims, "there shall become due and payable from [plaintiff], in addition to the unpaid principal and interest, all costs and expenses of such action (including reasonable attorneys' fees)." (Exh. P8 ¶ h(1)).

22. Having established the elements of its *prima facie* case, AXA is entitled to judgment as a matter of law. *See Internet Law Library, Inc.*, 2005 U.S. Dist. LEXIS 32299, at *25-27 (*prima face* case established where there was proof of the note, provision of the funds, demand for payment and nonpayment on the note); *Gross*, 230 A.D.2d at 711 (promisee established entitlement to judgment as a matter of law by producing note and demonstrating that maker failed to redeem when requested); *Gateway State Bank*, 113 A.D.2d at 791-92 ("It is incontestable that plaintiff has established a prima facie case by proof of the note and a failure to make payments called for by its terms.").

23. Novick has failed to establish that he is entitled to any further diminution of the unpaid principal on the Promissory Note.

24. The Promissory Note is a fully integrated document that outlines all relevant terms, and any oral promises or representations that would vary its explicit terms must be disregarded. *See Stroll v. Epstein*, 818 F. Supp. 640, 645 (S.D.N.Y. 1993), *aff'd,* 9 F.3d 1537 (2d Cir. 1993). Any prior informal emails and conversations could not possibly supersede the Promissory Note signed by the parties in January 2003, let alone have any bearing on whether plaintiff still owes AXA $400,000 on that loan today.

25. Judgment of $400,000 plus interest and costs and expenses, including reasonable attorneys' fees, is appropriate on AXA's counterclaims and is granted in favor of defendants.

26. Defendants are awarded reasonable attorneys' fees and their counsel shall submit defendants' fee application within 21 days of this order.

New York, New York
June 16, 2016

                        EPSTEIN BECKER & GREEN, P.C.

                        By:   *s/Aime Dempsey*
                                Ronald M. Green
                                Aime Dempsey
                                David J. Clark
                    250 Park Avenue
                    New York, New York 10177-0077
                    Tel: (212) 351-4500
                    Fax: (212) 878-8600
                    Email: rgreen@ebglaw.com
                                   adempsey@ebglaw.com
                                   dclark@ebglaw.com
                    *Attorneys for Plaintiff*

FIRM:37005548v1