UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN S. NOVICK,                                 :
                                    Plaintiff,    :   Case No. 07-CV-7767
                                                  :   (AKH)(KNF)
                   - against -                    :
                                                  :   **DEFENDANTS' PROPOSED**
AXA NETWORK, LLC and AXA ADVISORS, LLC            :   **JURY INSTRUCTIONS**
                                                  :
                                                  :
                                    Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants AXA Network, LLC and AXA Advisors, LLC respectfully submit the

following proposed jury instructions and requests to charge pursuant to Rule 51 of the Federal

Rules of Civil Procedure and Rule 3B of the Court's Individual Rules, to be given to the jury at

the close of the trial in the action.  Defendants respectfully request leave to submit revised or

additional requests based on evidence adduced at trial that emerges from an issue that could not

reasonably have been expected to arise at trial.

Dated: New York, New York              Respectfully submitted,
       June 16, 2016
                                       EPSTEIN BECKER & GREEN, P.C.

                                       By:   /s/ *Aime Dempsey*
                                             Ronald M. Green
                                             Aime Dempsey
                                       250 Park Avenue
                                       New York, New York  10177-1211
                                       (212) 351-4500
                                       rgreen@ebglaw.com
                                       adempsey@ebglaw.com
                                       *Attorneys for Defendants*
                                       *AXA Network, LLC and AXA Advisors, LLC*

**<u>Defendants' Proposed Jury Instruction No. 1</u>**                    ***<u>Corporate Parties</u>***

      In this case, the defendants AXA Network, LLC and AXA Advisors, LLC are limited liability companies.  Limited liability companies are entitled to the same fair trial as a private individual.  The mere fact that a party is a limited liability company does not mean that it is entitled to any lesser consideration by you.  You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All litigants are equal before the law, and companies, big or small, are entitled to the same fair consideration as you would give any other individual party.

Source:  Modern Federal Jury Instr. – Civil 72:1; 3 Fed. Jury Prac. & Instr. § 103.12 (5th ed.) (2004).

**Defendants' Proposed Jury Instruction No. 2**        ***Plaintiff's Breach of Contract Claim***

Plaintiff seeks to recover damages for breach of contract.  He claims that AXA breached its agreements with him:

    a)  by failing to pay Novick his full compensation pursuant to the terms of his agreements with AXA;

    b)  by terminating those agreements due to Novick reporting misconduct by other AXA affiliated financial professionals, not because he had committed the violation of selling away; and

    c)  by competing with Novick to retain its clients.

Defendants claim that no breach of the agreements occurred because:

    a)  AXA did pay Novick his full compensation pursuant to the terms of his agreements with AXA;

    b)  AXA terminated its affiliation agreements with Novick because he committed the violation of selling away, and not because he reported misconduct by other AXA affiliated financial professionals;

    c)  AXA was entitled to terminate the contracts with Novick for any reason on 30 days' notice, even if he did not commit a violation; and

    d)  No agreement prohibits AXA from competing to retain clients.

As a party alleging breach of contract, Novick has the burden to prove by a preponderance of the evidence (1) that a valid contract had been formed between the parties; (2) that the Novick performed his or its own obligations under the contract; (3) that AXA failed to perform; and (4) that Novick suffered damages as a result.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of AXA. If you find that each of the above elements has been proved, then you must consider AXA's defenses.

AXA claims the following defenses:

i.   Novick has suffered no damages and therefore is not entitled to any damages on his claim for breach of contract.

ii.   AXA Network and AXA Advisors had good cause to terminate their Agreements with Novick. Novick unquestionably engaged in conduct – selling away – that is prohibited by AXA's policies and FINRA Rules. AXA's actions were taken in good faith and for legitimate non-retaliatory business reasons.

iii.   Novick's argument that he was terminated for reporting misconduct by other AXA affiliates is factually unsupported and legally deficient. AXA was not contractually prohibited from terminating Plaintiff for such a reason. Definitive language in the Compliance Manual states that it does not create a contract governing AXA's conduct, and so there is no way Novick can rely on the Compliance Manual to create such a contract.

4

iv.   There is no causal connection between Novick's alleged complaints about Lawrence Passaretti selling away and the termination of Novick's affiliations with AXA, and no legitimacy to Novick's claim of retaliation.

v.   There was no breach of contract by defendants with respect to the handling of Novick's alleged "book of business" after he left AXA.   The Clarifying Document simply does not prevent AXA from competing to retain the customers Novick serviced while affiliated with AXA.

vi.   Novick's claims are barred, in whole or in part, because Defendants were parties to the contracts and client and business relationships at issue.

vii.   Plaintiff's claims are barred, in whole or in part, because Defendants had an economic interest in the clients' contracts and/or business relationships at issue.

viii.   Plaintiff's claims also are barred, in whole or in part, because the truthful statements on Plaintiff's Form U-5 and Defendants' actions were subject to an absolute privilege and/or a qualified privilege.

ix.   Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

x.   Plaintiff's claims are barred, in whole or in part, based on his failure to satisfy conditions precedent to his receipt of commissions and/or forgiveness of debts, including obtaining sufficient production credits.

Plaintiff denies AXA's defenses.

If you find from your consideration of all the evidence that Novick has proven all the elements of his case and AXA has not proven any of its defenses, you must find in favor of Novick, and consider the amount of damages to be awarded.   If AXA proves one of its defenses,

then it is relieved of its applicable obligations under the contract and you must find in favor of

AXA.

Source:  N.Y. Pattern Jury Instr. – Civil 4:1; *Sud v. Sud*, 211 A.D.2d 423, 621 N.Y.S.2d 37 (1st Dep't 1995); *Furia v. Furia,* 116 A.D. 2d 694, 498 N.Y.S.2d 12 (2d Dep't 1986).

**Defendants' Proposed Jury Instruction No. 3**          *Interpreting a Business Contract*

Novick was not an employee of AXA, but rather an independent contractor operating under a contractual relationship with AXA.  When interpreting a business contract, the tests to be applied are common speech and the reasonable expectation and purpose of the ordinary business person in the factual context in which terms of art and understanding are used, often also keyed to the level of business sophistication and acumen of the particular parties involved.

Source:  N.Y. Pattern Jury Instr. Civil 4:1 (Comment: Contract Construction); *Uribe v. Merchants Bank of New York*, 91 N.Y.2d 336, 670 N.Y.S.2d 393, 693 N.E.2d 740 (1998); *Baughman v. Merchants Mut. Ins. Co.*, 87 N.Y.2d 589, 640 N.Y.S.2d 857, 663 N.E.2d 898 (1996); *Michaels v. Buffalo*, 85 N.Y.2d 754, 628 N.Y.S.2d 253, 651 N.E.2d 1272(1995).

**Defendants' Proposed Jury Instruction No. 4**                    ***Contract Ambiguity***

A fundamental tenet of contract law is that agreements are construed in accordance with the intent of the parties and the best evidence of the parties' intent is what they express in their contract. The "fair and reasonable" meaning of the words in the contract controls. A complete, clear and unambiguous agreement must be enforced according to the plain meaning of its terms. It is only when an agreement is ambiguous that extrinsic evidence may be introduced and considered to aid in its interpretation. Extrinsic or parol evidence means evidence that is outside of the actual documents making up the written agreements between the parties and that evidence may only be considered by you under the limited circumstances I have described. Extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous on its face.

Source: N.Y. Pattern Jury Instr. Civil 4:1 (Comment: Contract Construction); *Quadrant Structured Products Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 992 N.Y.S.2d 687 (2014); *Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 963 N.Y.S.2d 613 (2013); *Sutton v. East River Sav. Bank*, 55 N.Y.2d 550, 450 N.Y.S.2d 460 (1982); *WWW Assocs. v. Giancontieri*, 77 N.Y.2d 157, 163, 565 N.Y.S.2d 440 (1990).

**Defendants' Proposed Jury Instruction No. 5**          *Mutual Assent*

     Novick claims that AXA intended to be obligated by terms in its Compliance Manual providing that anyone reporting instances of misconduct to certain sources "will be protected against retaliation." AXA claims that it did not intend those terms to limit its ability to act and cites to the statement in the Compliance Manual that the "provisions of this Manual are not intended to create any contractual commitments or obligations on the part of the Company to any of its Representatives or employees."

     The intent of the parties is determined by considering their relationship, what they said and what they did and all of the surrounding circumstances. A person's secret intent has no bearing; only the intent indicated by his words and conduct may be considered.

     If you decide that AXA did not intend the Compliance Manual to limit its ability to act, you will find for Defendants on Plaintiff's retaliation-related breach of contract claim, and report your verdict to the Court. If you decide that AXA did intend to have its Compliance Manual limit its ability to act, you will find for Plaintiff on this issue and then go on to consider whether the termination of Novick's affiliation agreements was due to Novick reporting misconduct by Passaretti, or was due to his committing the violation of selling away.

Source: N.Y. Pattern Jury Instr. Civil 4:1.1; *Express Industries and Terminal Corp. v. New York State Dept. of Transp.*, 93 N.Y.2d 584, 693 N.Y.S.2d 857 (1999).

**Defendants' Proposed Jury Instruction No. 6**                    ***Retaliation***

Novick claims that he engaged in "whistleblowing" by reporting selling away misconduct

by Larry Passaretti and that AXA terminated its AXA affiliations in retaliation.  To the extent his

claim of breach of contract is based on this alleged retaliation, Novick must establish by a

preponderance of the evidence the following elements:

> 1.    that the Compliance Manual constitutes a contract or part of a contract that limited AXA's ability to act;
>
> 2.    that Novick engaged in activity that is protected under the terms of the Compliance Manual;
>
> 3.    that AXA took an adverse action at the time of, or after, the protected activity occurred; and
>
> 4.    that Novick's protected activity was a motivating factor in AXA's decision to take the adverse action against Novick.

Defendants deny all of these elements.

It is not necessary for Plaintiff to prove initially that a retaliatory motive was the sole

motivation of Defendants' decision to terminate his AXA affiliations. First, Plaintiff need only

prove that it was a determinative factor in the decision even though other factors may have

motivated Defendants.

If you find that the Plaintiff has satisfied this burden of proving that Novick reporting

selling away activity by Passaretti was a motivating factor in AXA terminating Novick's

affiliations, then AXA may rebut this claim of retaliation by proving by a preponderance of the

evidence that AXA had a legitimate, nonretaliatory reason for termination of the relationship,

such as Novick himself selling away.

If you find that AXA has satisfied that burden, then the Plaintiff has the burden of proving by a preponderance of the evidence that AXA's non-retaliatory reasons for terminating the contracts were a pretext, and that retaliatory motives were the determining factor behind AXA's actions.

When you consider Plaintiff's evidence that the reason advanced by AXA is a pretext, the relevant question is whether or not AXA's reason was the real reason for their actions. A contracting party is entitled to make a decision to terminate the contract for a good reason, a bad reason, or for no reason at all, so long as the decision is not determined by unlawful retaliation. However, you may consider whether AXA's reason is merely a cover-up for unlawful retaliation.

Pretext may be proven either directly, by proving that a retaliatory reason more likely motivated AXA, or indirectly, by showing that AXA's explanation must persuade you that Plaintiff's alleged reporting of selling away by other AXA financial professionals was a determining factor in AXA's decision to terminate his AXA affiliations. In other words, Plaintiff must demonstrate, by a preponderance of the evidence, that but for the fact that he reported that other AXA financial professionals sold away, he would not have experienced the termination of his AXA affiliations.

*U.S. Airways, Inc. v. Barnett*, 122 S.Ct. 1516 (2002); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147, 120 S.Ct. 2097 (2000); *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004); *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996).

**Defendants' Proposed Jury Instruction No. 7**          ***Timing of Alleged Retaliation***

      In determining whether a retaliatory motive played a part in Defendants' actions against

Novick, you may consider whether Novick's alleged reporting of selling away misconduct by

Passaretti was closely followed in time by Defendants' decision to terminate its affiliation

agreements with him.

*Terry v. Ashcroft*, 336 F.3d 128, 145 (2d Cir. 2003); *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001); *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000); *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1178 (2d Cir. 1996).

**Defendants' Proposed Jury Instruction No. 8**          ***Compensatory Damages***

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered, or that any party is actually entitled to damages.

If you find for Plaintiff on Plaintiff's breach of contract claim, you must determine the amount of that specific Plaintiff's compensatory damages.  Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.  Compensatory damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by the Defendants.

Compensatory damages are not allowed as a punishment against a party.  Such damages cannot be based on speculation, for it is only actual damages that are recoverable.

It is for you to determine what damages, if any, have been proven.  Your award must be based upon the evidence.  Damages may not be included where they are speculative, are only possible, are based on guesswork or conjecture, or are intended to punish the other party.

9th Cir. Pattern Jury Instructions, §§ 5.1, 5.2 (2006); 5th Cir. Pattern Jury Instructions, §§ 4.8, 9.11 (2006); *Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975).

13

<u>**Defendants' Proposed Jury Instruction No. 9**</u>                    <u>***Adverse Inference***</u>

<u>**(To be read after the adverse inference jury instruction, if given by the Court)**</u>

You should only apply the adverse inference instruction with regard to issues to which you consider the missing AXA trading desk recordings relevant.